UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ARTURO ROJAS OSORIO,<br><br>Defendant. | Case No. 17-CR-00507-LHK-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**<br><br>Re: Dkt. No. 29 |

Before the Court is Defendant Jorge Arturo Rojas-Osorio's motion to withdraw guilty plea, filed on October 23, 2018. ECF No. 29 ("Mot."). The government opposed on November 2, 2018. ECF No. 33 ("Opp'n"). Defendant replied on November 8, 2018. ECF No. 34 ("Reply"). For the reasons set forth below, the Court GRANTS Defendant's motion to withdraw guilty plea.

## I. BACKGROUND

In August 1997, Defendant, a Columbian citizen, was issued a Notice to Appear that alleged that Defendant was removable for his unlawful presence in the United States and for committing a crime of moral turpitude. Mot., Exh. A ("Taylor Decl.") ¶ 4; *Id.*, Exh. B ("Notice to Appear"). The Notice to Appear gave no specific date or time for Defendant's hearing, but instead stated the hearing would "be calendared by the EOIR Office. Notice will be mailed to the address

provided by the respondent." *See* Notice to Appear. On May 9, 2005, Defendant was ordered removed from the United States, and on May 10, 2005, Defendant was removed. Taylor Decl. ¶ 5. At some point Defendant returned to the United States, and the 2005 removal order was reinstated on October 13, 2006 and January 31, 2011. *Id.* ¶ 6. On August 13, 2017, Defendant was arrested in his home. *Id.* ¶ 7.

On September 21, 2017, a grand jury in the Northern District of California returned an indictment, charging Defendant with one count of a violation of 8 U.S.C. § 1326, Illegal Re-Entry Following Deportation. ECF No. 3. The indictment stated Defendant, "previously having been excluded, deported and removed from the United States," was found in the United States "with the Attorney General of the United States and the Secretary for Homeland Security not having expressly consented to a re-application by the defendant for admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2)." *Id.*

In support of the instant motion, defense counsel Rhona Taylor provided a declaration that explains her advice to Defendant prior to Defendant pleading guilty. *See* Taylor Decl. Defense counsel explains that she reviewed Defendant's discovery and concluded that Defendant did not have any viable pretrial motions, including a collateral attack[1] on Defendant's prior removal under 8 U.S.C. § 1326. Taylor Decl. ¶ 9. Defense counsel advised Defendant of this, and based on her advice, Defendant decided to plead guilty. *Id.* ¶¶ 9–10. On June 27, 2018, Defendant pleaded guilty to the indictment without a plea agreement. ECF No. 18.

On July 11, 2018, after reviewing an email from a colleague ("July 11, 2018 email"), defense counsel first learned of the United States Supreme Court decision, *Pereira v. Sessions*, 138 S. Ct. 2105 (Jun. 21, 2018), which was decided a week before Defendant pleaded guilty. *Id.* ¶ 11. *Pereira* concerned a nonpermanent resident petitioner in removal proceedings who was

---

[1] The United States Supreme Court has established that a defendant charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326 has the right to collaterally attack the underlying removal order that is used to satisfy the elements of a § 1326 charge. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837–39 (1987); *see also* 8 U.S.C. § 1326(d) (codifying procedural requirements for collaterally attacking the validity of a deportation order).

2
Case No. 17-CR-00507-LHK-1
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

seeking "cancellation of removal," pursuant to 8 U.S.C. § 1229b(b)(1). 138 S. Ct. at 2109–10. To be eligible for "cancellation of removal," the nonpermanent resident had to demonstrate, among other things, that he had been physically present in the United States for at least ten years. *Id.* at 2110 (citing 8 U.S.C. § 1229b(b)(1)(A)). Under the "stop-time rule," the service of a "notice to appear" stops the accrual of time for purposes of the physical presence requirement. *Id.* at 2110–11 (citing 8 U.S.C. § 1229b(d)(1)(A)). Pursuant to statute, a "notice to appear," requires "written notice," that specifies "the time and place at which the [removal] proceedings will be held." *Id.* (citing 8 U.S.C. § 1229(a)(1)(G)(i)). The issue before the United States Supreme Court was whether a "notice to appear" that did not specify either the time or place of the removal proceedings qualified as a valid "notice to appear" under § 1229(a) that triggered the "stop-time rule." *Id.* at 2109–10. The United States Supreme Court held that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.* at 2113–14. Justice Kennedy, concurring, noted that in so holding, the United States Supreme Court was abrogating the decisions of at least six Court of Appeals that had concluded that notice without those details could trigger the "stop-time rule," including the Ninth Circuit's decision in *Moscoso-Castellanos*. *See id.* at 2120 (Kennedy, J., concurring) (citing *Moscoso-Castellanos v. Lynch*, 803 F.3d 1079, 1083 (9th Cir. 2015)).

In the instant case, the July 11, 2018 email that notified defense counsel of *Pereira* also included a discussion on whether a § 1326(d) collateral attack could be raised based on *Pereira* by arguing that a removal predicated on a notice to appear containing no date or time was defective and could not be the basis of a § 1326 prosecution. Taylor Decl. ¶ 11; *see also* Mot. at 4. Sometime in August 2018, defense counsel learned about an opinion issued in *United States v. Virgen-Ponce*, 320 F. Supp. 3d. 1164 (E.D. Wash. July 26, 2018), that dismissed a § 1326 indictment, like Defendant's, based on *Pereira*. *Id.* ¶ 12. The district court in *Virgen-Ponce* found that the notice to appear in the underlying removal proceeding was deficient because it "omit[ted] information required by the statute," including the date and time of the hearing. 320 F. Supp. 3d.

3

at 1166. The *Virgen-Ponce* court further found that the "immigration judge lacked jurisdiction" because of the deficient notice to appear, and therefore, "the immigration court proceedings were void." *Id.* Thus, the *Virgen-Ponce* court dismissed the § 1326 indictment. *Id.*

Defense counsel in the instant case then notified opposing counsel that she would be filing a motion to continue the sentencing date originally scheduled for October 10, 2018, in order to research the possibility of a motion to dismiss Defendant's § 1326 indictment based on *Pereira* and *Virgen-Ponce* and to consult with Defendant. Taylor Decl. ¶ 13. On August 24, 2018, defense counsel filed a motion to continue the sentencing hearing. ECF No. 22. On September 4, 2018, the Court granted the motion to continue the sentencing hearing to January 9, 2019. ECF No. 24.

Defense counsel then consulted with Defendant regarding the case law, including *Pereira* and *Virgen-Ponce*, and notified opposing counsel that Defendant intended to move to withdraw his guilty plea. Taylor Decl. ¶¶ 14, 15. On October 23, 2018, Defendant filed the instant motion to withdraw guilty plea. *See* Mot. In the motion, Defendant argues that the United States Supreme Court's recent decision in *Pereira* gives Defendant a new basis to collaterally attack Defendant's prior deportation, an element of Defendant's underlying 8 U.S.C. § 1236 prosecution, because Defendant's Notice to Appear in the underlying removal proceeding failed to specify the date and time of the hearing. *See id.*

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw his guilty plea prior to sentencing if the defendant demonstrates a "fair and just reason for withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The fair and just standard "is generous and must be applied liberally," but a defendant may not withdraw his plea "simply on a lark." *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (citations and internal quotation marks omitted). "Fair and just reasons for withdrawal include 'inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.'" *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2009) (citation omitted). "A marked shift in governing law that gives traction to a

previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea." *Ensminger*, 567 F.3d at 592. In such cases, a defendant "need not show that his new arguments will be successful on their merits." *United States v. Garcia-Lopez*, 903 F.3d 887, 891 (9th Cir. 2018) (brackets and citation omitted). "His burden is [only] to show that proper advice could have at least plausibly motivated a reasonable person in [his] position not to have pled guilty had he known about [the new case law] prior to pleading." *Id.* (citing *United States v. McTiernan*, 546 F.3d 1160, 1167–68 (9th Cir. 2008)); *see also Ensminger*, 567 F.3d at 591–92 (explaining that the relevant inquiry is whether "marked shift in governing law" provides a "plausible ground for dismissal of [the] indictment" (citation and internal quotation marks omitted)); *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004) (same). Moreover, "[e]rroneous or inadequate legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence." *McTiernan*, 546 F.3d at 1167–68.

## III. DISCUSSION

Defendant argues that the United States Supreme Court's June 2018 decision in *Pereira* gives Defendant a new basis to collaterally attack Defendant's prior deportation, an element of Defendant's underlying 8 U.S.C. § 1236 prosecution. *See* Mot.

The Court finds that fair and just reasons exist for allowing Defendant to withdraw his guilty plea. First, Defendant has demonstrated a marked shift in governing law that provides a plausible ground for dismissal of the indictment. Second, Defendant has shown that proper advice could have plausibly motivated a reasonable person in Defendant's position to not plead guilty. Third, the fact that *Pereira* was decided a week before Defendant's guilty plea does not preclude the Defendant from establishing a fair and just reason for plea withdrawal. Finally, the liberal application of the "fair and just" standard mandates that the Court grant Defendant's motion to withdraw his guilty plea.

First, the Court finds that Defendant has shown that *Pereira* and *Virgen-Ponce* constitute a "marked shift in governing law" that provides a "plausible ground for dismissal of the

5
Case No. 17-CR-00507-LHK-1
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

indictment." *See Ensminger*, 567 F.3d at 591–92. Ninth Circuit law pre-*Pereira* foreclosed any challenges to a notice to appear that failed to indicate the date and time of the removal hearing in the "stop-time rule" context. *See Moscoso-Castellanos*, 803 F.3d at 1082–83, *abrogated by Pereira*, 138 S. Ct. at 2113. At the time of Defendant's plea, defense counsel believed Defendant did not have a viable collateral attack on his prior deportation. *See* Taylor Decl. ¶ 9. However, the United States Supreme Court's decision in *Pereira* opened the door when it held that "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." 138 S. Ct. at 2113–14. Although it was not immediately clear whether *Pereira*'s holding would be applied outside of the "stop-time" context, several district courts since *Pereira* have relied on *Pereira* to grant a defendant's motion to dismiss an 8 U.S.C. § 1326 indictment when the notice to appear in the underlying removal proceeding failed to include the time and date of the hearing. *See, e.g.*, *Virgen-Ponce*, 320 F. Supp. 3d at 1164–66 (applying *Pereira* to defendant's challenge to the validity of the prior deportation because the notice to appear failed to include the time and the date of the hearing; and dismissing defendant's indictment on this basis); *United States v. Pedroza-Rocha*, 18-CR-1286-DB (W.D. Tex. Sept. 21, 2018) (dismissing defendant's § 1326 indictment based on *Peirera* because the notice to appear in the underlying removal proceeding failed to include the time and date of the hearing and therefore the immigration court lacked subject matter jurisdiction); *United States v. Zapata-Cortinas*, No. SA-18-CR-00343-OLG, 2018 WL 4770868 (W.D. Tex. Oct. 2, 2018) (dismissing defendant's § 1326 indictment because defendant's notice to appear that failed to include the time and date of the hearing voided defendant's prior removal order per *Pereira* and the plain reading of § 1229(a)); *United States v. Valladares*, No. A-17-CR-00156-SS (W.D. Tex. Oct. 30, 2018) (same); *United States v. Ortiz*, 18-CR-00071-RWG, 2018 WL 6012390 (D.N.D. Nov. 7, 2018) (same).

Second, the Court agrees that "proper advice could have plausibly motivated a reasonable person" in Defendant's position not to have pled guilty had Defendant known about the new case law prior to pleading. *See Garcia-Lopez*, 903 F.3d at 891. In the instant motion to withdraw guilty

6

plea, Defendant stated that he plans on challenging his underlying removal order in a motion to dismiss based on *Pereira* because Defendant's Notice to Appear in the underlying removal proceeding did not specify the date and time of his removal hearing and stated only that Defendant's hearing would "be calendared by the EOIR Office. Notice will be mailed to the address provided by the respondent." *See* Mot. at 7 (citing Notice to Appear). The Ninth Circuit has previously allowed a § 1326 defendant to withdraw his guilty plea when the basis for his removal order could be challenged after a change in federal case law. *See Garcia-Lopez*, 903 F.3d at 891, 894. Moreover, in this district, United States District Judge Jeffrey White recently granted a § 1326 defendant's motion to withdraw guilty plea based on *Pereira. See United States v. Ramos-Urias*, 18-cr-00076-JSW-1, Dkt. 33 (N.D. Cal. Oct. 30, 2018) (concluding that defendant has "therefore shown that a reasonable person in his position, given *Pereira*, would plausibly be motivated to have collaterally attacked his underlying removal instead of pleading guilty.").

The bulk of the government's arguments in opposition to these first two points relate not to the inquiry of whether there is a "fair and just reason" for Defendant's withdrawal of plea, but rather whether Defendant is likely to be successful in a motion to dismiss the indictment. *See, e.g.*, Opp'n at 2 ("Defendant's *Pereira* claim is unlikely to withstand scrutiny"); *id.* at 3 ("The Government understands that the Court may decide to hear a Motion to Dismiss . . . . However, a review of the cases post-*Pereira*, are dispositive that defendant's motion is likely to fail on the facts of this case."). The government's arguments are premature. The motion to withdraw a guilty plea inquiry is limited to whether the defendant has established a *plausible* ground for dismissal, not whether the argument will be successful. *See Garcia-Lopez*, 903 F.3d at 891 (explaining that in a motion to withdraw, a defendant "need not show that his new arguments will be successful on their merits").

Third, in opposition, the government takes issue with the fact that *Pereira* was decided a week before Defendant's guilty plea. Opp'n at 2. As defense counsel explained, defense counsel was not immediately aware of *Pereira*, and learned of the decision only on July 11, 2018. Taylor Decl. ¶ 11. The Court concludes that such a fact does not pose a barrier to Defendant's ability to

7

Case No. 17-CR-00507-LHK-1
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

establish a "fair and just" reason for withdrawing his guilty plea. Defendant made the decision to enter a guilty plea based on the advice of defense counsel. *Id.* ¶¶ 9–10. The Ninth Circuit has reiterated that "[e]rroneous or inadequate legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence." *McTiernan*, 546 F.3d at 1167. Application of this rule here leads the Court to find a "fair and just" reason to allow Defendant to withdraw his guilty plea because defense counsel did not advise Defendant of *Pereira* prior to Defendant's guilty plea.

Moreover, even if defense counsel had been aware of *Pereira* at the time of Defendant's June 27, 2018 guilty plea, she would not have been able to anticipate *Pereira*'s application to the § 1326 indictment context. Once defense counsel learned of *Virgen-Ponce* as a case extending *Pereira*'s application to the § 1326 context in August 2018, she was diligent in acting upon that knowledge. Defense counsel immediately notified opposing counsel of her intent to continue the sentencing date while she researched. Taylor Decl. ¶¶ 12–13. On August 24, 2018, defense counsel filed a motion to continue the sentencing hearing. ECF No. 22. Defense counsel then conferred with Defendant and notified opposing counsel of Defendant's intent to move to withdraw his guilty plea. Taylor Decl. ¶¶ 14–15. Defendant then filed his motion to withdraw his guilty plea on October 23, 2018. *See* Mot. Therefore, any delay in Defendant's request may be attributable to defense counsel learning about this new case law, researching the issue, and advising Defendant. *See United States v. Garcia*, 401 F.3d 1008, 1013 (9th Cir. 2005) ("[W]e have never held that delay standing alone militates against permitting withdrawal of a plea. . . . A defendant's delay may be attributable to . . . practical matters such as the amount of time it takes a busy attorney competently to research and prepare a motion to withdraw a plea.").

Finally, the fair and just standard "is generous and must be applied liberally." *Ensminger*, 567 F.3d at 590. The Court finds that this liberal rule directs the Court to grant Defendant's motion to withdraw guilty plea in this case.

### IV. CONCLUSION

In sum, the Court concludes the Defendant has provided fair and just reasons for his

8

Case No. 17-CR-00507-LHK-1
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

withdraw of guilty plea. Accordingly, the Court GRANTS Defendant's motion to withdraw guilty plea.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
LUCY H. KOH
United States District Judge